UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAVON MOORE,

    Plaintiff,

v.                                                     Case No. 20-CV-853

JUNEAU COUNTY JAIL,

    Defendant.

## SCREENING ORDER

Plaintiff Javon Moore, an inmate confined at the Juneau County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the jail violated his constitutional rights. This order resolves Moore's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Moore was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On June 9, 2020, the court ordered Moore to pay an initial partial filing fee of $9.94. (ECF No. 4.) Moore paid that fee on June 26, 2020. The court will grant Moore's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Moore's Allegations*

Moore alleges that the jail is stealing his money. He asserts that he receives none or only a portion of the money he is sent. The jail has allegedly told him that he is using the money to make phone calls, but Moore states that he has never put money on a phone account. Moore asserts that he has filed grievances but has received no response. He also asserts that he has been told by other inmates that this practice is normal for this jail. He states that he wants his money back and he wants the jail to be monitored for stealing inmates' money.

*2.3 Analysis*

As a preliminary matter, the court notes that Moore names the Juneau County Jail as the defendant in the caption of his complaint. But he cannot sue the jail because it is not a "person" under § 1983. *See Grovogel v. Racine County Jail*, Case

3

No. 16-cv-1274, 2018 WL 2135020, at *2 (E.D. Wis. May 9, 2018). Accordingly, consistent with precedent from the Court of Appeals of the Seventh Circuit, the court will adjust the caption to reflect that Juneau County, not the jail, is the correct defendant. *See, e.g., Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) (see asterisk to case caption) (adjusting the caption of the complaint because "a police department is not a suable entity under § 1983"); *see Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (outlining ways a court may assist a *pro se* plaintiff in naming the correct defendant).

Turing to the substance of Moore's complaint, the courts notes that a plaintiff may state a claim against a governmental entity if he alleges that the entity has a custom or policy that deprives him of his constitutional rights. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978). The Seventh Circuit has explained that unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Palmer*, 327 F.3d at 595.

Construing Moore's complaint liberally, which the court must do at this stage, the court finds that Moore states a claim based on his allegations that a widespread practice exists at the jail of deducting money from inmates' accounts to satisfy

4

imaginary debts. To prevail on this claim, Moore will eventually have to present evidence establishing that such a practice exists on a widespread basis. The court reminds Moore that, "[w]hen a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice; a series of violations must be presented…." *Palmer*, 327 F.3d at 596.

### 3. Conclusion

**THEREFORE, IT IS ORDERED** that Moore's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

The court **DIRECTS** the clerk's office to update the caption to reflect that the correct defendant is Juneau County, not the Juneau County Jail.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendant Juneau County pursuant to Federal Rule of Civil Procedure 4. Moore is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Moore's information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that Juneau County shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Moore shall collect from his institution trust account the $340.06 balance of the filing fee by collecting monthly payments from Moore's prison trust account in an amount equal to 20% of the preceding month's income credited to Moore's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Moore is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Moore is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Moore is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Moore is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Moore's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Moore may find useful in prosecuting his case.

7

Dated in Milwaukee, Wisconsin, this 30th day of June, 2020.

**BY THE COURT:**

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge